IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE S. POWELL,<br><br>        Plaintiff,<br><br>  v.<br><br>MIKE EVANS, et al.<br><br>        Defendants.<br>_____ | No. C 07-4065 MJJ (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE ANSWER; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

Plaintiff, a California prisoner proceeding pro se and incarcerated at Salinas Valley State Prison ("SVSP"), filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he was assaulted by another inmate, and he informed SVSP officials that he was in danger of future assaults due to his sexual orientation and feminine appearance. He requested a transfer to California Medical Facility ("CMF"), but the transfer was denied. Plaintiff was subsequently assaulted by another inmate. Thereafter, plaintiff informed officials that he was being threatened by his cell-mate. After they denied his requests to be moved, his cell-mate physically and sexually assaulted him.

Plaintiff has applied for leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

G:\PRO-SE\MJJ\CR.07\powell.srv.wpd

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When liberally construed, plaintiff's complaint states cognizable claims that prison officials were deliberately indifferent to his safety needs, in violation of his Eighth Amendment rights.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Warden Mike Evans, Captain R. Dansby, J. Powell, A. Artida, T. Variz, Sergeant Thomas, Sergeant Galloway, Correctional Counselor Nolan, Correctional Officer Mendoza, Correctional Officer Munger, Correctional Officer Maciel, and Lieutenant Hatton** at **Salinas Valley State Prison,** and upon **B. Martin Overstreet** at **the California Department of Corrections and Rehabilitation** in Sacramento, California. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. The court has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The Court finds the instant matter suitable for mediation proceedings following service of the summons and complaint on defendants. Accordingly, **defendants shall file an answer** within **sixty days** of the date this order is filed, at which time the Court will refer the instant action for mediation under the Pro Se Prisoner Mediation Program.

3. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, although reasonable extensions will be granted. Moreover, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made such motion. Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

7. Plaintiff is granted leave to proceed in forma pauperis. The total filing fee that will ultimately be due is $350.00. In view of plaintiff's income and account balance over the last six months, an initial partial filing fee of $6.20 is due. Funds for the remainder of the filing fee will be taken from income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions will be sent to plaintiff, the prison trust account office, and the Court's financial office.

This order terminates Docket No. 2 and any other pending motions.

IT IS SO ORDERED.

DATED: 09/26/07

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\powell.srv.wpd        3