EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
TRACE O. MAIORINO, State Bar No. 179749
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5975
 Fax: (415) 703-5843
 Email: Trace.Maiorino@doj.ca.gov

Attorneys for Defendants Munger, Galloway, Maciel,
Partida, Noland, Hatton, Overstreet, Evans, and Variz[1/]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADRIENNE S. POWELL,<br><br>                                  Plaintiff,<br><br>        v.<br><br>MIKE EVANS, et al.,<br><br>                                  Defendants. | C 07- 4065 MJJ<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

TO PLAINTIFF ADRIENNE S. POWELL, PRO SE:

PLEASE TAKE NOTICE that Defendants Munger, Galloway, Maciel, Partida, Noland, Hatton, Overstreet, Evans, and Variz (Defendants) hereby move this Court to dismiss Plaintiff Adrienne S. Powell's (Plaintiff) Complaint under Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies before filing suit as required under 42 U.S.C. §

---

1. To the best knowledge of the Attorney General's Office, Defendants Dansby, Powell, Thomas, and Mendoza have not been served with a summons or complaint in this action. No appearance is made on behalf of Defendants Dansby, Powell, Thomas, or Mendoza.

1  1997e(a).

2  The motion is based on the following memorandum of points and authorities, the
3  Declaration of N. Grannis, and the Court's file in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On August 8, 2007, Plaintiff, a California state prisoner, filed his Complaint (Complaint), pro se under 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison (Salinas Valley). In his Complaint, Plaintiff challenged the conditions of his confinement. Plaintiff alleged that he suffered physical and sexual assault because prison staff failed to protect him from other inmates. (Compl.) On November 28, 2006, the Court found that Plaintiff had stated a cognizable § 1983 claim for deliberate indifference to safety. (Order of Service at 2.)

### STATEMENT OF FACTS

In this case, Plaintiff has sued officials employed at Salinas Valley. Plaintiff alleges that he was physically assaulted on January 10, 2006 and again on August 18, 2006. (Compl. at 4.) Further, he alleges that he was sexually assaulted on December 24, 2006. (Compl. at 5.)

In his Complaint, Plaintiff contends that he submitted an inmate appeal identified as SVSP-D-07-00145 that addressed his claims of deliberate indifference to safety as detailed in his complaint. (Compl. at 2.) However, this appeal was not accepted for review by the Inmate Appeals Branch. (Decl. Grannis, ¶ 11.) Institutional Log No. SVSP-07-00145 was first submitted by Plaintiff on March 27, 2007. (Id.) Plaintiff submitted it without first completing the appeals process through the second level of appeals as required. (Id.) The appeal was screened-out and returned to Plaintiff. (Id.)

Next, Plaintiff resubmitted the appeal identified as Institutional Log No. SVSP-07-00145 to the Inmate Appeals Branch on April 11, 2007. (Decl. Grannis, ¶ 10.) Again, it was not accepted for review. (Id.) Plaintiff failed to timely submit the appeal for review. (Id.) The appeal was screened-out and returned to Plaintiff. (Id.)

There are only three inmate appeals during the relevant time period of 2006 and 2007 that were accepted for review by the Inmate Appeals Branch, none of which address the issues raised

Defs.' Mot. Dismiss Failure Exhaust Admin. Remedies                                 A. Powell v. M. Evans, et al.
                                                                                    C 07- 4065 MJJ

1  in his Complaint. (Decl. Grannis, ¶ 10.)

2      Institutional Log No. SVSP-07-01484 was an appeal served by Plaintiff and accepted for
3  review by the Inmate Appeals Branch on August 20, 2007. (Decl. Grannis ¶ 6.) It was denied on
4  November 27, 2007. (*Id.*) This appeal dealt with Plaintiff's contention that Dr. Scarmenzino
5  improperly denied him placement in the Enhanced Outpatient Program. (*Id.*, Ex. B.)

6      Institutional Log No. SVSP-07-01256 was an appeal served by Plaintiff and accepted for
7  review by the Inmate Appeals Branch on August 20, 2007. (Decl. Grannis, ¶ 7.) It was denied on
8  November 14, 2007. (*Id.*) This appeal dealt with the denial of Plaintiff's request to be given an
9  "Olsen Review." (*Id.*, Ex. C.)

10      Institutional Log No. SVSP-07-02201 was an appeal served by Plaintiff and accepted for
11  review by the Inmate Appeals Branch on August 20, 2007. (Decl. Grannis, ¶ 8.) It was denied on
12  November 14, 2007. (*Id.*) In this appeal, Plaintiff complained of his single-cell status and
13  requested that he be deemed suitable for double-cell status. (*Id.*, Ex. D.)

14      Other than the Inmate Appeals identified above, there were no other inmate appeals served
15  by Plaintiff and accepted for review by the Inmate Appeals Branch during the years 2006 or
16  2007. (Decl. Grannis, ¶ 10.)

## ARGUMENT

### I. This Action Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies Before Filing His Lawsuit Against Defendants.

    The Prison Litigation Reform Act of 1995 (PLRA) requires inmates to exhaust their administrative remedies before filing a lawsuit or face the dismissal of their complaint in its entirety. Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The exhaustion requirement is a prerequisite to all federal suits "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Booth v. Churner*, 532 U.S. 731, 738 (2001). It applies to "all suits about prison life, whether they

Defs.' Mot. Dismiss Failure Exhaust Admin. Remedies      *A. Powell v. M. Evans, et al.*
C 07- 4065 MJJ

3

1 involve general circumstances or particular episodes, and whether they allege excessive force or
2 some other wrong." *Porter*, 534 U.S. at 532.
3      In order to satisfy the requirements of 42 U.S.C. § 1997e(a), an inmate must "properly
4 exhaust" all available administrative remedies by following all rules and procedures required by
5 the state administrative process. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006). Proper
6 exhaustion of administrative remedies requires using all steps of an administrative process. *Id.* at
7 2385. Proper exhaustion also "demands compliance with an agency's deadlines and other critical
8 procedural rules because no adjudicative system can function effectively without imposing some
9 orderly structure on the course of its proceedings." *Id.* at 2386.
10      In California, inmates may administratively appeal "any departmental decision, action,
11 condition, or policy" perceived by those individuals as adversely affecting their welfare. Cal.
12 Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this
13 system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2)
14 formal written appeal on an CDC 602 inmate appeal form, (3) second-level appeal to the
15 institution head or designee, and (4) third-level appeal to the Director of California Department
16 of Corrections and Rehabilitation. *Barry v. Ratelle*, 985 F. Supp. 3d 1235, 1237 (S.D. Cal. 1997)
17 (citing Cal. Code Regs. tit. 15, § 3084.5).
18      Once an inmate receives a third-level final decision, the exhaustion requirement under §
19 1997e(a) has been satisfied. *Id.* But failure to obtain this final decision subjects the inmate's
20 lawsuit to dismissal because non-exhaustion under § 1997e(a) is an affirmative defense. *Wyatt v.*
21 *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). A failure to exhaust nonjudicial remedies "should
22 be treated as a matter in abatement, which is subject to a nonenumerated Rule 12(b) motion
23 rather than a motion for summary judgment." *Id.* (citations omitted). If the court determines
24 that the inmate has not exhausted his available administrative remedies with the state prison
25 system, the proper remedy is dismissal without prejudice. *Id.* at 1120.
26 ///
27 ///
28 ///

Defs.' Mot. Dismiss Failure Exhaust Admin. Remedies                           *A. Powell v. M. Evans, et al.*
                                                                              C 07- 4065 MJJ

A.  **Plaintiff Failed to Properly Exhaust Inmate Appeal No. 07-00145 and Dismissal of His Complaint Is Proper.**

In his Complaint, Plaintiff alleges that he sustained injury because of deliberate indifference to his safety. He contends that he complied with the grievance procedure before filing his lawsuit by submitting to the Inmate Appeals Branch his appeal identified as Inmate Appeal No. SVSP 07-00145 for review at the third level. (Compl. at 2.) Plaintiff purports that he submitted his inmate appeal two days after it was returned to him on April 6, 2007, but that it was returned to him as untimely. (*Id.*) Seemingly, Plaintiff attempts to shift the blame for tardiness to the prison officials. However, the facts show otherwise. In fact, Plaintiff first submitted his appeal to the Inmate Appeals Branch on March 27, 2007. (Decl. Grannis, ¶ 11.) It was not accepted for review because Plaintiff had failed to complete the appeal through the second level. (*Id.*) The second level of review must be completed before the inmate may file his appeal at the third level of review with the Inmate Appeals Branch. Cal. Code of Regs. tit. § 3084.5(c). Plaintiff failed to do this. (Decl. Grannis, ¶ 11.) Therefore, it was returned to him so that he could appeal his grievance to the second level of review. (*Id.*) Plaintiff resubmitted his inmate appeal to the third level of review on April 11, 2007, but it was untimely and returned to him without review. (Decl. Grannis, ¶ 12.) An inmate appeal is not exhausted until it has been reviewed at the third formal level by the Director or his designee. *See* Cal. Code Regs. tit. 15, § 3084.5. Thus, appeal No. 07-00145 was never properly exhausted as required. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006). Because Plaintiff did not exhaust his available administrative remedies with respect to the claims asserted in his complaint, he was not entitled to file this action in federal court. 42 U.S.C. § 1997e(a).

///
///
///
///
///
///

Defs.' Mot. Dismiss Failure Exhaust Admin. Remedies

*A. Powell v. M. Evans, et al.*
C 07- 4065 MJJ

5

## CONCLUSION

For the reasons stated above, Plaintiff failed to properly exhaust his administrative remedies before filing this lawsuit as required. Accordingly, his complaint against Defendants should be dismissed.

Dated: January 28, 2008

    Respectfully submitted,

    EDMUND G. BROWN JR.
    Attorney General of the State of California

    DAVID S. CHANEY
    Chief Assistant Attorney General

    FRANCES T. GRUNDER
    Senior Assistant Attorney General

    THOMAS S. PATTERSON
    Supervising Deputy Attorney General

    /s/ Trace O. Maiorino

    TRACE O. MAIORINO
    Deputy Attorney General
    Attorneys for Defendants Munger, Galloway, Maciel, Partida, Noland, Hatton, Overstreet, Evans, and Variz

40203109.wpd
SF2007200848

Defs.' Mot. Dismiss Failure Exhaust Admin. Remedies      A. Powell v. M. Evans, et al.
C 07- 4065 MJJ