1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5975
    Fax:  (415) 703-5843
8   Email:  Trace.Maiorino@doj.ca.gov

9  Attorneys for Defendants Munger, Galloway, Maciel,
   Partida, Noland, Hatton, Evans, and Variz

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADRIENNE S. POWELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE EVANS, et al.,<br><br>　　　　　　　Defendants. | C 07- 4065 MJJ<br><br>**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

　　I, N. GRANNIS, declare as follows:

　　1.　I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Chief of the Inmate Appeals Branch.

　　2.　In the regular course of its business and administrative practices, the Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level. When an inmate appeal is received by the Inmate Appeals Branch and is accepted for review, it will be given an appeal number and logged into the system. The following information will be kept in the electronic record: appeal log number, the

1  category (nature/subject) of the appeal, institutional log numbers, inmate's name and CDCR
2  number, institution from which the appeal arises, the dates that the appeal is received and closed,
3  and final disposition of the appeal. The system was commenced in 1993.
4      3.  A search of the Inmate Appeals Branch's computerized records was conducted for
5  references to Plaintiff Adrienne S. Powell, using his CDCR number of T-819900. References to
6  Plaintiff were located, and a computerized printout of those results was generated. The
7  computerized printout comprises each and every inmate appeal to the Third Level of Review
8  which was filed by Plaintiff and accepted for review. Other than those inmate appeals that
9  appear on the computerized printout, there are no other inmate appeals that were filed by Plaintiff
10 and accepted for review by the Inmate Appeals Branch. Attached hereto as Exhibit A is a
11 complete and accurate copy of the computerized search printout.
12     4.  The computerized printout attached hereto as Exhibit A identifies the institution from
13 which each appeal arose that was served by Plaintiff and accepted for review by the Inmate
14 Appeals Branch.
15     5.  Institutional Log No. SVSP-07-01484 was an appeal served by Plaintiff and accepted
16 for review on August 20, 2007. It was denied on November 27, 2007. Attached hereto as
17 Exhibit B is a true and correct copy of the Director's Level Appeal Decision dated November 27,
18 2007.
19     6.  Institutional Log No. SVSP-07-01256 was an appeal served by Plaintiff and accepted
20 for review on August 20, 2007. It was denied on November 14, 2007. Attached hereto as
21 Exhibit C is a true and correct copy of the Director's Level Appeal Decision dated November 14,
22 2007.
23     7.  Institutional Log No. SVSP-07-02201 was an appeal served by Plaintiff and accepted
24 for review on August 20, 2007. It was denied on November 14, 2007. Attached hereto as
25 Exhibit D is a true and correct copy of the Director's Level Appeal Decision dated November 14,
26 2007.
27     9.  Institutional Log No. SVSP-07-04145 was an appeal served by Plaintiff and accepted
28 for review on October 30, 2007. As of December 31, 207, it was still pending before the Inmate

9. Other than the Inmate Appeals identified above, there were no other inmate appeals that were accepted for review by the Inmate Appeals Branch during the years 2006 or 2007.

10. Institutional Log No. SVSP-07-00145 was submitted by Plaintiff on March 27, 2007. It was not accepted for review. Plaintiff submitted it without first completing the appeals process through the second level of appeals as required. The appeal was screened-out and returned to Plaintiff.

11. Plaintiff resubmitted Institutional Log No. SVSP-07-00145 to the Inmate Appeals Branch on April 11, 2007. It was not accepted for review. Plaintiff failed to timely submit the appeal for review after the Second-Level review was completed. The appeal was screened-out and returned to Plaintiff.

12. The Inmate Appeals Branch received Plaintiff's inmate appeal identified as IAB 5021936 on May 9, 2006. It was not accepted for review. Plaintiff submitted it without first completing the appeals process through the second level of appeals as required. The appeal was screened-out and returned to Plaintiff.

13. The Inmate Appeals Branch received Plaintiff's inmate appeal identified as IAB 5035872 on January 8, 2007. It was not accepted for review. Plaintiff submitted it without first completing the appeals process through the second level of appeals as required. The appeal was screened-out and returned to Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. I am competent to testify to the matters set forth herein, and if called on to do so, would and could so testify. I submit this declaration in support of Defendant's Motion to Dismiss.

Executed on January 25, 2008 at Sacramento, California

N. GRANNIS

EXHIBIT A

Inmate Appeals Branch                                                                                                       01/24/2008

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## Inmate / Parolee Appeals Tracking System - Level III
### Appellant Appeal History

CDCR Number: T81990

Sorted By: CDCR Number

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | Special Needs |
|---|---|---|---|---|---|
| T81990 | POWELL, ORLANDO | SVSP | 04/27/2005 | | |

### Accepted Appeals

| IAB Number | Issue | Issue Subcategory | Accepted Date | Inst. Log Number | Due Date | Closed Date | Disposition | Reason |
|---|---|---|---|---|---|---|---|---|
| 0305728 | PROGRAM | Prior to subcategory | 12/02/2003 | CMF-03-01768 | 03/02/2004 | 02/05/2004 | DENIED | |
| 0705516 | MEDICAL | Other | 08/20/2007 | SVSP-07-01484 | 11/14/2007 | 11/27/2007 | DENIED | |
| 0705554 | CUSTODY/CLASS | Other | 08/20/2007 | SVSP-07-01256 | 11/14/2007 | 11/14/2007 | DENIED | |
| 0705565 | LIVING CONDITIONS | Other | 08/20/2007 | SVSP-07-02201 | 11/14/2007 | 11/14/2007 | DENIED | |
| 0712642 (Group) | PROGRAM | Other | 10/30/2007 | SVSP-07-04145 | 01/29/2008 | 01/17/2008 | DENIED | |

### Screen Outs

| IAB Number | Issue | Issue Subcategory | Received Date | Inst. Log Number | Screened Out | Response Due | Reason |
|---|---|---|---|---|---|---|---|
| 5021936 | TRANSFER | Prior to subcategory | 05/09/2006 | | 05/09/2006 | | ACCEPTED AT DL REVIEW ONLY ORIGINAL APPEAL |
| 5032389 | TRANSFER | | 01/08/2007 | | 01/08/2007 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5035872 | STAFF COMPLAINTS | Prior to subcategory | 03/27/2007 | SVSP-07-00145 | 03/27/2007 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5035872 | STAFF COMPLAINTS | Prior to subcategory | 04/11/2007 | SVSP-07-00145 | 04/11/2007 | | MUST SUBMIT APPEAL WITHIN 15 WORKING DAYS |
| 5083420 | STAFF COMPLAINTS | Prior to subcategory | 10/17/2003 | CTF-03-2145 | 10/17/2003 | | MUST SUBMIT APPEAL WITHIN 15 WORKING DAYS |
| 5085238 | STAFF COMPLAINTS | Prior to subcategory | 12/02/2003 | CTF-03-1840 | 12/02/2003 | | MUST BE COMPLETED THROUGH 2ND LEVEL |

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 2 7 2007

In re: Orlando Powell, T81990
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0705516        Local Log No.: SVSP-07-01484

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position he is being denied mental health treatment pursuant to the California Code of Regulations, Title 15, Section (CCR) 3360 and 3351. The appellant further contends he is being denied placement into the Enhanced Outpatient Program (EOP) because of Dr. Scarmenzino's personal opinion of his sexual orientation and appearance. The appellant alleges during an Interdisciplinary Treatment Team meeting, Dr. Scarmenzino stated he was a tease and that he did not want him in the program. The appellant believes this conduct was uncalled for and inappropriate, pursuant to the CCR 3391. The statements made were derogatory, indecent, abusive, improper and unethical. The appellant is requesting to receive a letter of apology for this misconduct and to be transferred to the EOP, not under Dr. Scarmenzino's supervision.

II   SECOND LEVEL'S DECISION: It is the institution's position the appellant's allegations did not meet the criteria to be classified as a staff complaint and was forwarded to health care staff for the appropriate response. The appellant is currently a participant in the Correctional Clinical Case Management System (CCCMS) Program; however, was informed he would be referred to his case manager for further evaluation and determination for the appropriate level-of-care (LOC). After reviewing the appellant's currently LOC, it was determined CCCMS is appropriate, and his request for EOP placement was denied.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: The appelant contends he was subjected to inappropriate behavior by mental health staff, and alleges he was denied participation in the EOP. These allegations are denied, as the appellant has failed to provide supporting documentation that substantiates his claims. As a result, the appellant's CDC Form 602, Inmate/Parolee Appeal Form did not meet the criteria to be classified as a staff complaint and was forwarded to mental health staff for response. The appellant was evaluated by his case manager who determined his current CCCMS/LOC was appropriate. In addition, the appellant is advised to also address his nightmares with his case manager to determine any necessary interventions. The appellant is reminded that personnel matters are confidential in nature and will not be discussed with the inmate population, Departmental employees or the general public. As a result, the appellant's request for a letter of apology was denied. After review, there is no compelling evidence that warrants intervention at the Director's Level of Review.

   B. BASIS FOR THE DECISION:
   CCR: 3350, 3354, 3360, 3361, 3362, 3391

   C. ORDER: No changes or modifications are required by the Institution.

ORLANDO POWELL, T8195
CASE NO. 0705516
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
Health Care Manager, SVSP
Appeals Coordinator, SVSP
Medical Appeals Analyst, SVSP

# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 1 4 2007

In re: Orlando Powell, T81990
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0705554      Local Log No.: SVSP-07-01256

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that on January 25, 2007, he requested an Olsen Review to obtain copies of documents contained in his central file (C-file). On February 1, 2007, the appellant states that he received a response from Correctional Counselor I (CC-I) P. Nickerson stating that the appellant would be scheduled for an Olsen Review. However, on February 6, 2007, the appellant received another response stating that he could not receive another Olsen Review until December 2007, because that appellant had received an Olsen Review on December 6, 2007. The appellant has requested to either be given an Olsen review or to be issued a copy of the official documentation stating an Olsen Review can only be given or requested once a year.

II  SECOND LEVEL'S DECISION: On April 4, 2007, the appellant was interviewed by CC-I P. Nickerson. The appellant was advised that there is no documentation which states that a records review is only allowed once a year. The appellant is allowed access to his C-file when the appellant can justify a need for a review or to receive copies of documents needed from his C-file. Some examples of this would be if the appellant has an upcoming court case or a Board of Parole Hearings hearing and needs access to his C-file. Arbitrary requests by any inmate to review their C-file will not be granted more than once a year due to the work load strain it would create on the counseling staff. The appellant was informed that should he have a legitimate need to review his C-file more than once annually, he is encouraged to speak with his assigned counselor. In this case, the appellant was provided with three occasions to review his C-file and he failed to state a specific reason for his need to review his C-file during each review. The appeal was partially granted at the Second Level of Review (SLR).

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: Despite the appellant's dissatisfaction he has been provided with an appropriate response from the SLR. The appellant has failed to provide any evidence, information or documentation to support his allegation that he has been inappropriately denied access to review his C-file. The institution has appropriately informed the appellant that it is unreasonable to repeatedly provide the appellant with Olsen Reviews of his C-file for no apparent reason other than to look at the content enclosed in the file. The appellant was provided with specific instruction on how to approach his assigned CC-I in the event he had a legitimate reason to retrieve information from his C-file. Based upon the information as it has been presented there shall be no additional relief afforded the appellant at the Director's Level of Review.

   B. BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000.5, 3001, 3005, 3084.1, 3270, 3272, 3370, 3380

   C. ORDER: No changes or modifications are required by the Institution.

ORLANDO POWELL, T-90
CASE NO. 0705554
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
    Appeals Coordinator, SVSP

EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 1 4 2007

In re: Orlando Powell, T81990
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0705565     Local Log No.: SVSP-07-02201

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that he has been inappropriately approved by the Institution Classification Committee (ICC) for single cell status because he was the victim of a sexual assault. The appellant claims that he does not require single cell housing and can be safely housed with other inmates. The appellant has requested to be granted double cell status.

II  SECOND LEVEL'S DECISION: On May 16, 2007, the appellant was interviewed by Correctional Counselor II A. Meden. The reviewer established that the appellant was placed into the Administrative Segregation Unit on December 14, 2006 pending the completion of an investigation into being the victim of an alleged sexual assault. The appellant appeared in the ICC on May 5, 2007, and was approved for single cell housing due to victimization concerns. The reviewer determined that the ICC acted appropriately in assigning the appellant single cell housing and affixing the "S" suffix to his custody. The California Code of Regulations, Title 15, Section (CCR) 3377.1 (c) states in part that an "S" suffix may be affixed by a classifications committee to an inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's decision shall be based on documented evidence that the inmate may not be safely housed in a double cell. The ICC reviewed all available case factors and elected to single cell approve the appellant for his safety and the safety of others. The appellant's request to be approved for double cell housing was denied. The decision to single cell the appellant is not a retaliatory action. The reviewer determined that the ICC acted appropriately and followed CDCR policy. The appeal was denied at the Second Level of Review (SLR).

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: Pursuant to the memorandum dated August 21, 1998, authored by D. Tristan, Deputy Director, Institutions Division, staff have been instructed to evaluate an inmate's cell status with every committee action. If there exists a history of in-cell sexual abuse, assaultive, violent, or predatory behavior toward a cell partner, single-cell status shall be considered. On December 10, 1998, a second memorandum was authored regarding cell status, which directed that in reviewing case factors, staff shall consider an inmate's pattern of behavior, not just isolated incidents. Single-cell status is to be reserved for those inmates with a demonstrated significant pattern of in-cell violence or predatory behavior toward cellmates. Staff are to consider whether an inmate has proven capable of being double-celled. In the appellant's case, the ICC has carefully weighed all of the aforementioned factors and the information contained within the appellant's central file and made the determination that the appellant meets the criteria for single-celling. The appellant is a first termer but is fully aware of the operational constraints that exist in providing any inmates that would prefer a single-cell designation with such status. That is why there must be a compelling reason or reasons to place an inmate on single-cell status. Presently, the appellant's case factors do lead the committee to believe that single-cell status is warranted. However, as factors such as mental health, conduct, and compatibility are subject to change, so to may staff's opinion on this matter. The Director's Level of Review (DLR) has reviewed the issues of the appellant's appeal and reaffirms the institution's examination and conclusions as addressed within the SLR. Therefore, the appellant shall not receive any relief at the DLR.

ORLANDO POWELL, T... ...0
CASE NO. 0705565
PAGE 2

B. BASIS FOR THE DECISION:
CCR: 3000.5, 3001, 3270, 3271, 3335, 3375, 3377.1, 3379, 3380

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, SVSP
     Appeals Coordinator, SVSP

01/02/2008 01:37 9164645636 INMATE APPEALS BRA PAGE 21/33