1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 | TRACE O. MAIORINO, State Bar No. 179749
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 |   Telephone: (415) 703-5975
Fax: (415) 703-5843
8 |   Email: Trace.Maiorino@doj.ca.gov

9 | Attorneys for Defendants Munger, Galloway, Maciel,
Partida, Noland, Hatton, Overstreet, Evans, and Variz
10 |

11 |

12 |                    IN THE UNITED STATES DISTRICT COURT

13 |              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 |                        SAN FRANCISCO DIVISION

| | C 07- 4065 MJJ |
|---|---|
| 15 **ADRIENNE S. POWELL,** | |
| 16                                          Plaintiff, | **DEFENDANTS' REPLY RE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO** |
| 17            v. | **EXHAUST ADMINISTRATIVE** |
| 18 **MIKE EVANS, et al.,** | **REMEDIES** |
| 19                                          Defendants. | |

20 |

21 |     PLEASE TAKE NOTICE that Defendants Munger, Galloway, Maciel, Partida, Noland,

22 | Hatton, Overstreet, Evans, and Variz (Defendants) reply to Plaintiff's opposition to Defendants'

23 | motion to dismiss Plaintiff Adrienne S. Powell's (Plaintiff) Complaint under Federal Rule of

24 | Civil Procedure 12(b) for failure to exhaust administrative remedies before filing suit as required

25 | under 42 U.S.C. § 1997e(a).

26 | / / /

27 | / / /

28 | / / /

Defs.' Reply Re Defs.' Mot. Dismiss

A. Powell v. M. Evans, et al.
C 07- 4065 MJJ

1

1    **I.    This Action Should Be Dismissed Because Plaintiff Failed to Properly Exhaust
         His Grievance Within the Administrative Process before Filing Suit.**

2

3        The Prison Litigation Reform Act of 1995 (PLRA) requires inmates to exhaust their

4    administrative remedies before filing a lawsuit or face the dismissal of their suit without

5    prejudice to refiling.  42 U.S.C. § 1997e(a)  To satisfy the exhaustion requirement, an inmate

6    must "properly exhaust" all available administrative remedies by following all rules and

7    procedures required by the state administrative process. *Woodford v. Ngo*, 126 S. Ct. 2378,

8    2382-83 (2006).  Proper exhaustion of administrative remedies requires using all steps of an

9    administrative process. *Id.* at 2385.  Proper exhaustion also "demands compliance with an

10   agency's deadlines and other critical procedural rules because no adjudicative system can

11   function effectively without imposing some orderly structure on the course of its proceedings."

12   *Id.* at 2386.  Plaintiff failed to exhaust his claim because he did not follow the rules of the

13   procedural process.

14       In his opposition, Plaintiff argues that Defendants' motion to dismiss should be denied

15   because his inmate appeal, Log No. SVSP 07-00145, was improperly denied by the Inmate

16   Appeals Branch, the final level of review, for being tardy.  (Pl.'s Opp'n Defs.' Mot. Dismiss at

17   1.)  In support of the contention, Plaintiff argues that he timely submitted his appeal on April 8,

18   2006, two days after he received it.  (*Id.*, Ex. A.)  However, the facts show otherwise.  Plaintiff

19   first submitted his appeal to the Inmate Appeals Branch on March 27, 2007.  (Decl. Grannis,¶

20   11.)  By doing this, Plaintiff had failed to follow the two of the rules required for proper

21   exhaustion of a grievance.

22       First, Plaintiff submitted his grievance to the third level of review, the Director's Level of

23   review, without completing the grievance process through the second level.  (*Id.*)  The second

24   level of review must be completed before the inmate may file his appeal at the third level of

25   review with the Inmate Appeals Branch.  Cal. Code of Regs. tit. § 3084.5(c).  Plaintiff failed to

26   do this.  (Decl. Grannis ¶ 11, 1/28/08.)  Therefore, it was properly returned to him.  (*Id.*)

27       Second, Plaintiff's grievance was untimely.  Inmates are required to submit their inmate

28   appeals no later than fifteen working days after the incident or event that is appealed.  Cal. Code

Defs.' Reply Re Defs.' Mot. Dismiss                                    *A. Powell v. M. Evans, et al.*
                                                                        C 07- 4065 MJJ

1 | of Regs. tit. § 3084.6(c). Plaintiff resubmitted his inmate appeal to the third level of review on

2 | April 11, 2007. However, Plaintiff missed this fifteen-day-window to appeal. Plaintiff had

3 | alleged that he had been assaulted on December 24, 2006. (Compl. at 5.) Even if he were given

4 | the benefit of the doubt, he did not submit his claim until March 27, 2007, when he improperly

5 | submitted it to the third level of review, ninety-four days after the alleged assault. (Decl.

6 | Grannis,¶ 11, 1/28/08.) It was returned because he had failed to properly appeal his grievance, as

7 | required. (*Id.*)

8 |      Here, Plaintiff clams that he submitted his appeal on April 8, 2006, two days after he

9 | allegedly received it. (Pl.'s Opp'n Defs.' Mot. Dismiss at 1.) However, as detailed above, his

10 | grievance was already untimely and was properly returned to him because he had failed properly

11 | exhaust his grievance within the administrative process. *Woodford v. Ngo*, 126 S. Ct. 2378,

12 | 2382-83 (2006). Because Plaintiff did not exhaust his available administrative remedies

13 | regarding the claims asserted in his complaint, he was not entitled to file this action in federal

14 | court. 42 U.S.C. § 1997e(a).

15 | / / /

16 | / / /

17 | / / /

18 | / / /

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

Defs.' Reply Re Defs.' Mot. Dismiss

*A. Powell v. M. Evans, et al.*
C 07- 4065 MJJ

**CONCLUSION**

For the reasons stated above, Plaintiff failed to properly exhaust his administrative remedies before filing this lawsuit as required. Accordingly, his complaint against Defendants should be dismissed.

Dated: March 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

TRACE O. MAIORINO
Deputy Attorney General
Attorneys for Defendants Munger, Galloway, Maciel, Partida, Noland, Hatton, Overstreet, Evans, and Variz

Defs.' Reply Re Defs.' Mot. Dismiss

A. Powell v. M. Evans, et al.
C 07- 4065 MJJ

4