IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE S POWELL,<br><br>        Plaintiff(s),<br><br>    v.<br><br>MIKE EVANS, et al,<br><br>        Defendant(s). | No. C 07-4065 VRW (PR)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc # 26) |

        Currently before the court is defendants' motion to dismiss plaintiff's complaint under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust available administrative remedies under 42 USC § 1997e(a). For the reasons set forth below, the motion is denied.

I

        On August 8, 2007, plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights complaint under 42 USC § 1983 alleging that he was physically and sexually assaulted by other inmates on account of his sexual orientation and feminine appearance on more than one occasion, despite voicing his safety concerns to prison officials.

        On September 26, 2007, the court (Jenkins, J) found that, when liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to safety under § 1983 and ordered the United States Marshal to serve the named defendants.

1     On November 8, 2007, the court referred the matter to Magistrate Judge
2 Vadas for mediation proceedings pursuant to the court's Pro Se Prisoner
3 Mediation Program.  But after defendants informed the mediator that they wished
4 to file a motion to dismiss for failure to exhaust available administrative remedies
5 under 42 USC § 1997e(a), the court stayed mediation proceedings and ordered
6 defendants to file the motion.
7     On January 28, 2008, defendants filed their motion to dismiss under Rule
8 12(b) arguing that plaintiff did not properly exhaust available administrative
9 remedies under 42 USC § 1997e(a).  Plaintiff filed an opposition and defendants
10 filed a reply.
11     On April 7, 2008, the case was reassigned to the undersigned.

## II

13     The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 USC §
14 1997e to provide that "[n]o action shall be brought with respect to prison
15 conditions under [42 USC § 1983], or any other Federal law, by a prisoner
16 confined in any jail, prison, or other correctional facility until such administrative
17 remedies as are available are exhausted."  42 USC § 1997e(a).  Although once
18 within the discretion of the district court, exhaustion in prisoner cases covered by
19 § 1997e(a) is now mandatory.  Porter v Nussle, 534 US 516, 524 (2002).  All
20 available remedies must now be exhausted; those remedies "need not meet
21 federal standards, nor must they be 'plain, speedy, and effective.'"  Id (citation
22 omitted).  Even when the prisoner seeks relief not available in grievance
23 proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id;
24 Booth v Churner, 532 US 731, 741 (2001).  Similarly, exhaustion is a
25 prerequisite to all inmate suits about prison life, whether they involve general
26 circumstances or particular episodes, and whether they allege excessive force or

28     2

some other wrong. Porter, 534 US at 532. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v Ngo, 126 S Ct 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal Code Regs tit 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. Barry v Ratelle, 985 F Supp 1235, 1237 (SD Cal 1997) (citing Cal Code Regs tit 15, § 3084.5). A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a). Id at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v Terhune, 315 F3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id.

Here, defendants correctly raise nonexhaustion in an unenumerated motion to dismiss and argue that plaintiff's claim of deliberate indifference to

3

1 safety should be dismissed because plaintiff did not properly exhaust available
2 administrative remedies under § 1997e(a).  Defendants specifically argue that
3 plaintiff's appeal regarding his claim of deliberate indifference to safety (appeal
4 log # SVSP-D-07-00145) was rejected as premature and/or untimely.

5      The record shows that on January 7, 2007, plaintiff submitted an inmate
6 appeal alleging that prison officials failed to protect him from being sexually
7 assaulted on December 24, 2006.  See Pl's Opp'n to Mt to Dismiss Ex E at 1
8 (CDC 602 inmate/parolee appeal form) (docket entry # 36). The inmate appeals
9 office bypassed the informal and first formal level of review and assigned the
10 appeal to designated staff for a second level response.  See id Ex C & D.  On
11 February 21, 2007, the appeal was partially granted at the second level of review.
12 See id at Ex B.  Dissatisfied, plaintiff appealed to the final third level on April 8,
13 2007, but the appeal was "screened-out" and returned to him as untimely on the
14 ground that it exceeded the time limit provided for inmate appeals under
15 California law.  See id Ex A (third level screening decision regarding appeal log
16 # SVSP 07-00145).

17      Defendants argue that plaintiff's complaint must be dismissed for failure to
18 exhaust available administrative remedies because the Supreme Court has made
19 clear that a prisoner cannot satisfy the PLRA's exhaustion requirement by filing
20 an untimely or otherwise procedurally defective administrative grievance or
21 appeal.  See Woodford v Ngo, 126 S Ct 2378, 2382 (2006).  Plaintiff did not file
22 an untimely or otherwise procedurally defective appeal, however.  Under
23 California law, an inmate must submit an appeal within 15 working days of the
24 event or decision being appealed, or of receiving an unacceptable lower level
25 appeal decision.  See Cal Code Regs tit 15, § 3084.6(c).  Although plaintiff's
26 appeal to the third level was filed more than a month after the second level

28     4

1  decision of February 21, 2007, plaintiff's CDC 602 inmate/parolee appeal form
2  makes clear that plaintiff did not receive the second level decision until April 6,
3  2007.  See Pl's Opp'n to Mt to Dismiss Ex E at 2 ("Delivered April 6, 2007"
4  stamped on left-hand margin of section addressing second level review).
5  Plaintiff's appeal to the third level, filed two days after he received the second
6  level decision, was not untimely under California law.  See Cal Code Regs tit 15,
7  § 3084.6(c).  Plaintiff exhausted available administrative remedies by providing
8  the director of corrections a fair opportunity to address his claim at the third and
9  final level of review within the time limits set forth under California.  Cf <u>Jones v</u>
10 <u>Bock</u>, 127 S Ct 910, 922-23 (2007) (compliance with prison grievance
11 procedures is all that is required by PLRA to "properly exhaust").
12       Defendants also argue that plaintiff's complaint should be dismissed as not
13 properly exhausted because an earlier attempt to appeal to the third level was
14 screened out as premature.  On March 27, 2007, before plaintiff received the
15 second level decision, he filed an appeal to the third level which was screened out
16 on the ground that  plaintiff had yet to complete the appeal through the second
17 level.  See Grannis Decl ¶ 10 & Ex A (docket entry # 27).  The record makes
18 clear that the screening decision was not correct.  The second level was
19 completed when the second level decision was issued on February 21, 2007.
20 Plaintiff's seemingly premature appeal to the third level was not premature.
21 /
22 /
23 /
24 /
25 /
26 /
27
28                                           5

### III

For the foregoing reasons, defendants' motion to dismiss (doc # 26) is DENIED and the stay of mediation proceedings is LIFTED.

The clerk is directed to serve a copy of this order on Magistrate Judge Vadas with instructions to resume mediation proceedings as soon as practicable. All other aspects of this case are stayed pending completion of mediation proceedings.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Powell, A1.mtd.wpd